[Crim. No. 6578. Fourth Dist., Div. One. Nov. 14, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH GARCIA MURGIA, Defendant and Appellant.

## COUNSEL

Hadley Batchelder and Harold F. Tyvoll, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Steven V. Adler, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**[*]——Joseph Garcia Murgia appeals a judgment based upon a jury verdict convicting him of possessing heroin for sale (Health & Saf. Code, § 11351) and possessing marijuana (Health & Saf. Code, § 11357).

Evidence leading to Murgia's arrest and conviction was seized pursuant to a search warrant which Murgia contends was improperly issued, was not based upon probable cause and was not timely executed.

The affidavit upon which the search warrant was based is anything but a model. Apparently an attempt has been made to reduce this crucial document to an omnibus form to be executed by filling in blanks and checking boxes. The wide spectrum of factual situations which are involved in establishing probable cause for search is not amenable to being reduced to formalized inflexible forms and can only lead to confusion, as it has in this case. (See *People* v. *Succop,* 65 Cal.2d 483, 484, fn. 1 [55 Cal.Rptr. 397, 421 P.2d 405] and *In re Raner,* 59 Cal.2d 635, 642, fn. 9 [30 Cal.Rptr. 814, 381 P.2d 638] for other instances where use of standardized forms in inappropriate instances has been judicially criticized.) To be particularly criticized is the use of unsworn "attachments" which are then to be incorporated by reference into a sworn statement. In this case the affiant officer neglected to fill out that portion of the form statement which would have incorporated the attachments into the sworn statement.

---

[*]Before Brown (Gerald), P. J., Ault, J., and Cologne, J.

■ We do not rest our ruling, however, upon the sufficiency of the affidavit or the irregularities in it caused by the slip-shod use of ill-conceived forms. There exists an overriding irregularity which, because of its potential for abuse in an area dealing with such important constitutional rights, requires reversal.

The search warrant was issued on April 2, 1973. The affidavit supporting it was executed on April 3, 1973. The Attorney General explains this by saying the affidavit was presented to the magistrate on the second of April without being signed and the affiant officer then signed it the next day. The affidavit, however, refutes this reconstruction of what transpired. In it the officer swears he verified utility hookups to the residence to be searched on April 3, 1973, and further states "Affiant commenced the actual physical mechanics of preparing this affidavit and attached search warrant at 0800 4/3/73. . . ."

The danger posed by the possible use of presigned warrants or the alteration of affidavits after issuance of warrants is too great for this court to consider this matter an inconsequential irregularity.

The judgment is reversed with directions the Superior Court of Imperial County grant defendant's motion to suppress the evidence seized pursuant to the search warrant.